**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ALEXIS G-T., | Case No. 26-CV-1856 (NEB/DLM) |
| Petitioner, | |
| v. | ORDER ON |
| | PETITION FOR |
| PAMELA BONDI, Attorney General, | WRIT OF HABEAS CORPUS |
| KRISTI NOEM, Secretary, U.S. | |
| Department of Homeland Security; | |
| TODD M. LYONS, Acting Director of | |
| Immigration and Customs Enforcement; | |
| DAVID EASTERWOOD, Acting Director, | |
| St. Paul Field Office Immigration and | |
| Customs Enforcement; and JOEL BROTT, | |
| Sheriff of Sherburne County, | |
| Respondents. | |

This matter is before the Court on Petitioner Alexis G.-T.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Alexis G.-T. is a citizen of Mexico who has lived in the United States since 2021. (*Id.* ¶ 13.)

Immigration and Customs Enforcement ("ICE") took Alexis G.-T. into custody. (*Id.* ¶ 16.) ICE served Alexis G.-T. with an administrative warrant at the Sherburne County Jail. (ECF No. 5-1.) Afterwards, Alexis G.-T. filed this habeas action challenging his detention under 28 U.S.C. Section 2241.

Alexis G.-T. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Alexis G.-T. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country five years ago, Alexis G.-T. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Alexis G.-T. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Alexis G.-T. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), --- F. Supp. 3d ---, 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Alexis G.-T.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). The Court recognizes, but is not persuaded by, the minority viewpoint; it has already considered and rejected the minority viewpoint.[1]

---

[1] Respondents' arguments to the contrary are preserved for appeal.

3

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Alexis G.-T. requests immediate release, while Respondents assert that a bond hearing would be the proper remedy. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Alexis G.-T. alleged in his Petition that the arrest was warrantless. (Pet. ¶ 52.) In its Order to Show Cause, this Court directed Respondents to include, in their answer, "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition" and "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (ECF No. 4.)

In their response, Respondents attach an administrative warrant (Form I-200) and argue that a bond hearing would be the proper remedy. (ECF Nos. 5-1.) But Respondents do not provide any affidavit establishing the document's authenticity, who signed it, who served it on Alexis G.-T, and whether it was served before or after arrest. The warrant on

4

its face indicates that it was served after Alexis G.-T.'s arrest, and Respondents do not argue the legality of that approach. (ECF No. 5-1 (noting the warrant was served at Sherburne County Jail, where Alexis G.-T. is currently being detained).) All of this information is necessary to assess the validity of the warrant.

Respondents' unauthenticated and unexplained I-200 attachment is insufficient to establish the lawfulness of Alexis G.-T.'s detention. Respondents were on notice that they needed to provide support to establish the lawfulness of Alexis G.-T.'s detention. They have not. The Court therefore orders the immediate release of Alexis G.-T. *See Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025).[2]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The

        Court:

---

[2] The Court does not address Alexis G.-T.'s request for attorneys' fees and costs under the Equal Access to Justice Act; he may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

a.   DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

b.   ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel [Kevin Velasquez: phone (507-344-9354); email (kvelasquez@blethenberens.com)], but not later than 24 hours after entry of this Order;

c.   ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized during Petitioner's arrest such as, but not limited to, immigration paperwork;

d.   ENJOINS Respondents from imposing any new conditions on Petitioner's release;

e.   ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

f.   ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has

already been removed from Minnesota, Respondents are ORDERED

to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 18, 2026                          BY THE COURT:

Time: 10:33 a.m.                               s/Nancy E. Brasel
                                               Nancy E. Brasel
                                               United States District Judge